IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ANTONIO T. WALTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 119-027 |
| | ) | |
| EDWARD PHILBIN, Warden, | ) | |
| | ) | |
| Respondent.[1] | ) | |

**O R D E R**

Petitioner, currently incarcerated at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, has submitted a petition for writ of habeas corpus under 28 U.S.C § 2254 and seeks to proceed *in forma pauperis* ("IFP"). However, upon review of Petitioner's filings, it is unclear whether he is attempting to assert a petition for habeas corpus relief or a civil rights claim pursuant to 42 U.S.C. § 1983.

Petitioner handwrote his entire petition on blank pages and is challenging his 2008 conviction for rape, kidnapping, and battery in Chatham County Superior Court, Georgia. (Doc. no. 1; doc. no. 1-1, pp. 3, 6, 8). In his petition, he states his conviction was flawed for the following reasons: (1) false statements made by victim at trial; (2) trial counsel was

---

[1]Edward Philbin is the warden of Augusta State Medical Prison, where Petitioner is incarcerated. See www.dcor.state.ga.us (follow "About GDC," "Divisions," and "Facilities" hyperlinks; then search "Augusta State Medical Prison"). Because the proper Respondent is the state officer who has custody of Petitioner, the Court **DIRECTS** the Clerk to update the docket to reflect Edward Philbin as Respondent. See Fed. R. Civ. P. 25(d); Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

ineffective for not properly impeaching the victim and for not challenging evidence; (3) evidence of prior criminal convictions and accusation were improperly admitted at trial. (See doc. no. 1; doc. no. 1-1, pp. 1-4, 6-9, 11-17, 19-23, 26-29.) Based on these claims, he requests one trillion dollars. (Doc. no. 1, p. 7.)

In addition to challenging his 2008 conviction, he states Warden Philbin violated his privacy rights by putting cameras in his cell, treating physicians prescribed him medication, which caused pain and gynecomastia, and prison officials at ASMP threw Petitioner to the ground with tightly locked hand restraints and left him isolation for a few hours. (Doc. no. 1-1, pp. 5, 18, 23-24; see also doc. no. 1-3.)

Federal habeas corpus statutes and § 1983 "are mutually exclusive: if a claim can be raised in a federal habeas petition, that same claim cannot be raised in a § 1983 civil rights action." Hutcherson v. Riley, 468 F.3d 750, 754 (11th Cir. 2006). To the extent Petitioner seeks to challenge his 2008 conviction, a petition for habeas corpus relief naming his current custodian as the respondent would be the proper mechanism by which to do so, but the sole remedy is "the immediate or expedited release of a prisoner unconstitutionally convicted or sentenced" and not money damages. Santiago-Lebron v. Fla. Parole Comm'n, 767 F. Supp. 2d 1340, 1347 (S.D. Fla. Feb. 23, 2011). However, under Heck v. Humphrey, 512 U.S. 477, 487 (1994), Plaintiff may not proceed with a § 1983 claim for damages where success would necessarily imply the unlawfulness of the sentence. To state a claim for monetary compensation pursuant to § 1983, a plaintiff must allege the violation of a right secured by the Constitution of the United States by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

Lastly, because it is unclear whether Petitioner intends to proceed with a habeas corpus case or § 1983 civil rights case, it is also unclear whether Petitioner, through his IFP motion, is contending he cannot pay the $5.00 habeas corpus filing fee or the $350.00 filing fee for an IFP civil rights complaint.

Accordingly, Petitioner shall have fourteen days from the date of this Order to inform the Court by a written filing bearing the case caption above whether he intends to proceed with a habeas corpus petition or a § 1983 complaint. The Court **DIRECTS** the **CLERK** to include an appropriate form civil rights complaint used by incarcerated litigants in the Southern District of Georgia and a form habeas corpus petition with Petitioner's service copy of this Order. If Petitioner wants to proceed with a habeas corpus petition requesting release from custody and a § 1983 complaint for damages, he may do so, but he must submit and completely fill out both forms. Once Petitioner makes his selection by returning the appropriate form or forms, the Court will consider the merits of Petitioner's IFP motion. Failure to comply with the terms of this Order within fourteen days may result in a recommendation that this case be dismissed.

SO ORDERED this 21st day of March, 2019, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA